[No. 5383.]
[No. 3033 C. A.]

## McGeehan v. Reed, Trustee, et al.

Practice in Civil Actions—Contribution—Money Advanced for Use of Another—Promise, Express or Implied—Evidence —Nonsuit.

Plaintiff and defendant were interested in the S. Mining Company, which became heavily indebted to divers people; and, defendant authorized plaintiff to compromise such indebtedness for about two-fifths, and in a letter made the following suggestions: "If you meet B. or the banker, try and get that debt out of the way at $1,500. In drawing for that $1,500, of course, a proper satisfaction of judgment must accompany draft * * * In settling debts you might promise bank and others on honor to pay balance if you ever get it out of the affairs of the company; whether this will help you in effecting settlement I don't know, but it might." Plaintiff later entered into an agreement with the bank referred to wherein it was recited that plaintiff was indebted to bank in the sum of $3,825, of which he paid $1,525, and he agreed to pay the balance of $2,300 out of the sale of property other than that in which he and defendant were interested. Defendant furnished the $1,525, and later plaintiff sold the individual property, and paid the balance of the indebtedness to the bank, and then brought an action against defendant for half of said amount. Held, that a motion for a nonsuit was properly sustained where the evidence failed to show a promise, either express or implied, except the expression used

in the letter; and that, if such expression amounted to a direction, it would have been necessary for plaintiff to have executed it in terms, that is "to promise the bank and others on honor to pay the balance if you ever get it out of the affairs or business of the San Juan Company."—P. 227.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Samuel L. Carpenter, Judge.*

Action by Robert P. McGeehan against Homer Reed (Trustee), Thomas H. Swope and George W. Lee. From a judgment of nonsuit, plaintiff appeals.
*Affirmed.*

Mr. A. Newton Patton and Mr. M. B. Carpenter, for appellant.

Mr. C. M. Kendall, for appellees.

Mr. Justice Bailey delivered the opinion of the court:

This action was brought by appellant against the defendants, contending that defendant Swope was indebted to plaintiff in the sum of $1,809.54, with interest, for moneys advanced by plaintiff "for the use of, on account of, and at the special instance and request of, said Thomas H. Swope." At the close of plaintiff's testimony the court, upon motion of defendant, ordered a nonsuit, and plaintiff appeals.

Plaintiff and defendant Swope were interested in a company called the San Juan Gold Mining and Milling Company. This company was working the Sampson group of mines under a lease, and became indebted to divers people in the sum of about $9,000. Defendant Swope authorized the plaintiff to compromise this indebtedness by paying $3,600.00 or $4,000.00, for one-half of which amount plaintiff was to give his note to Swope. In a letter written by defendant Swope to plaintiff, on the 4th

of July, 1894, the following suggestions were made: "If you meet Barnes or the banker, try and get that debt out of the way at $1,500.00. In drawing for this $1,500.00, of course, a proper satisfaction of judgment must accompany draft. * * * In settling debts you might promise bank and others on honor to pay balance if you ever get it out of the affairs or business of the San Juan Company. Whether this will help you any in effecting settlements, I don't know; but it might."

Upon the 28th of July, 1894, plaintiff entered into a contract with the bank at Silverton, being the bank mentioned in plaintiff's letter, wherein it is recited that plaintiff was indebted to the bank in the sum of $3,825.00, of which he paid $1,525.00, leaving a balance of $2,300.00; and that the party of the first part (meaning plaintiff) agreed that he would pay to the second party the said sum of $2,300.00 in the manner following: The first party being a part owner of the capital stock of the Sampson Mining and Milling Company, which is the owner of the following mining claims (describing them), "and as such he proposes to negotiate the sale of said mining claims, and when such sale or transfer is made, or in any dealing in relation to said properties whereby first party obtains a commission, first party hereby agrees to pay to second party a one-fourth part of the amount realized by him as commission in any such transaction, and the balance of said sum of $2,300.00, which may thereafter remain unpaid, first party agrees to pay out of any further moneys coming to him in the sale of said properties as commission or otherwise, until the full amount of said sum of $2,300.00 is paid."

Swope furnished the money to pay the $1,525.00. In 1897 plaintiff sold the Sampson claims, mentioned in the contract with the bank, and, out of the proceeds, the $2,300.00 and the interest thereon, making

a total of $3,619.08, paid on the 28th of July, 1898. Half of this sum forms the basis of plaintiff's claim against defendant Swope. Swope was not interested in the ownership of the Sampson group of mines, but the San Juan Company, in which Swope was interested, was operating these claims under a lease. It does not appear that Swope was informed of the contract made by plaintiff with the bank until the year 1900, at which time plaintiff made a demand for the payment of one-half of the amount. Nor does it appear that anything was realized by either the plaintiff or the defendants from any of the holdings of the San Juan Company. The defendant Swope was not personally liable for the debts of the company, unless it should have been made to appear that he was responsible because of the fact that he was a member of the board of directors, and the board had failed to make its annual financial report and file the same with the secretary of state, as provided by law. Upon this state of facts the trial court, in finding upon the motion for nonsuit, that:

"To charge the defendant, the evidence must show a promise at least; to charge him with the deferred payment to the Silverton bank, the evidence must show a promise, either expressed or implied, on his part. The only point in the testimony upon which a promise could be predicated at all, it seems to me, is the expression of one of the letters of July, 1894, with respect to the deferring of a payment to the bank; that language, in my judgment, is simply a suggestion, and raises no promise on the part of the defendant," was correct. If that suggestion had amounted to a direction or a promise, it would have been necessary for the plaintiff to have executed it in terms, that is: "To promise the bank and others

on honor to pay the balance if you ever get it out of the affairs or business of the San Juan Company.''

This money was not obtained out of the affairs or business of the San Juan Company, but was obtained out of the property in which the defendant was in no wise interested. The trial court having properly sustained the motion for a nonsuit, the judgment will be affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.